## Case No. 16,278.

UNITED STATES v. SHIVE.

[Baldw. 510.] [1]

Circuit Court, E. D. Pennsylvania.   Oct. Term, 1832.

CONTINUANCE — FORGERY — PEREMPTORY CHALLENGES—CONSTITUTIONALITY OF LAWS—PROVINCE OF JURY.

1. It is no cause for a continuance that defendant has not been furnished with a copy of the indictment, and a list of the jurors, if he has not applied for them.

2. In an indictment for forgery, defendant has no right to peremptory challenges.

3. The constitutionality of the charter of the Bank of the United States is not a proper subject for the consideration of the jury.
[Disapproved in U. S. v. Morris, Case No. 15,-815. Cited in Sparf v. U. S., 156 U. S. 73, 15 Sup. Ct. 282.]

4. The construction of the constitution of the United States by the supreme court is binding on a jury as well as the court.
[Cited in State v. Wright, 53 Me. 334; Pierce v. State, 13 N. H. 565; Com. v. McManus, 143 Pa. St. 95. 22 Atl. 764; State v. Croteau. 23 Vt. 62; State v. Burpee, 65 Vt. 28, 25 Atl. 972.]

[1] [Reported by Hon. Henry Baldwin, Circuit Justice.]

This was an indictment [against David Shive] for passing a counterfeit note of the Bank of the United States.

Mr. Phillips, for defendant, moved for a continuance of the case on the ground that the defendant had not been furnished with a copy of the indictment and a list of the jurors. But inasmuch as it appeared that they had not been applied for, the motion was overruled.

When the case was ordered on, Mr. Phillips claimed the right of peremptory challenges.

Before BALDWIN, Circuit Justice, and HOPKINSON, District Judge.

BY THE COURT. The state law giving the defendant a right to challenge peremptorily, does not apply to proceedings in this court; forgery is not a felony at common law, and though the act of congress declares the offence laid in the indictment to be a felony, that does not carry with it a right of peremptory challenge as an incident, and it has never been allowed in this court in a case like the present.

The jury were sworn and the trial had. Among other grounds of defence taken by the counsel of the defendant, he contended that the act of congress chartering the bank which created the offence, was unconstitutional, and that therefore the jury ought to acquit the defendant.

BALDWIN, Circuit Justice, after charging the jury on the law and evidence in the case, proceeded to the objection to the constitutionality of the law.

We could have wished that these would have been the only considerations, which it was our duty to submit to you, but one of the counsel for the defendant has raised another question, on which it is necessary for us to give you our opinion, and that is, whether the act of congress on which this prosecution is founded, is valid or void.

That it has passed through all the forms and branches of legislation, that it has been sanctioned and declared to be the law of the land, by the highest branch of the judicial power; that it is clothed with every sanction and carries with it every obligation known to the constitution, has not been and cannot be denied. If there is law in the land, if there is a rule by which courts and juries are bound to administer the criminal justice of the country, it is that which, having been enacted by the legislative authority of the nation, has been solemnly pronounced by the supreme judicial power, to be within the constitutional province of the legislature. Beyond that tribunal, there is no other revision of the acts of congress, that will not end in the prostration of all law and all legitimate government, unless by an amendment to the constitution.

In courts of justice, the law of the land is the law of every case, criminal as well as civil, the safety of the public, the rights of individuals do not depend on their opinion of what the law ought to be, but on what it is. The ministers of justice are not the makers of the laws, judges and jurors are, in the words of the defendant's counsel, magistrates to enforce and execute the laws; they are as much bound by them as the criminal they condemn. We sit here by the authority of the law, our duty is prescribed and defined by law, and if we wilfully violate or disregard it, if we sentence a prisoner without a previous law prescribing a punishment, or acquit in opposition to the enacted and established law of the country, we should be the greatest criminals in the nation. We are judges of law, but what is law? Not the opinions of judges and jurors merely, it is the will of the people, expressed through that department of the government, to whom they have confided the law-making power. An act of congress is the exercise of that power conferred by the nation; a judgment of the supreme court affirming its validity and decreeing its binding force, is the constitutional exercise of the judicial power of the nation, confided to that high tribunal. And when a law thus carries with it the imposing authority of the people, the states of this union, and of every department of the government created by the constitution, shall the ministers of justice, its sworn administrators, be the first to trample under their feet the supreme law of the land? Shall we, the creatures of the law, the servants of the constitution, dare to assume the power of abrogating its provisions, disobeying its injunctions, and dispensing with its penalties? The sixth article of the constitution, declares itself and all laws and treaties made pursuant thereto, to be the supreme law of the land, and that all judges shall be bound thereby, notwithstanding any thing in the law or constitution of any state to the contrary.

When the most solemn acts of a sovereign state, in opposition to an act of congress, are thus declared nullities, will a jury assume no moral responsibility by substituting their opinion for the supreme law of the land? If the defendant has violated an act of congress, though not sworn to make it his rule of action, the supreme law declares him a felon. What are you or we if we put ourselves above it? The power to judge of the law as well as the fact in a criminal case, is to ascertain the existence of a law; if you see it in the statute book, you cannot on your oaths say there is no such law, or exercise a power denied to the people of a state by the most solemn constitutional provision, declare the supreme law to be void, because it does not comport with your opinion. Should you assume and exercise this power, your opinion does not become a supreme law, no one is bound by it, other juries will decide for themselves, and you could not expect that courts would look to your verdict for the construction of the constitution, as to the powers of the legislative or judicial departments of the

government; nor that you have the power of declaring what the law is, what acts are criminal, what are innocent, as a rule of action for your fellow citizens or for the court. If juries once exercise this power, we are without a constitution or laws, one jury has the same power as another, you cannot bind those who may take your places, what you declare constitutional to-day, another jury may declare unconstitutional to-morrow. We shall cease to have a government of law, when what is the law, depends on the arbitrary and fluctuating opinions of judges and jurors, instead of the standard of the constitution, expounded by the tribunal to which has been referred all cases arising under the constitution, laws and treaties of the United States.

The counsel of the defendant has referred you to the message of the president, as the true exposition of the constitution in relation to the power of congress to charter the bank. We have no jurisdiction to judge of the propriety of the course of the executive; in the exercise of his constitutional power to prevent the passage of a law, he acts on his responsibility; but the judicial power cannot be exercised on the reasons which have governed the exercise of the veto power. We therefore forbear all remarks upon it. For a similar reason we cannot look to the construction given to the constitution by the executive department as a guide to our judgment; for no appellate or supervisory power over our proceedings, has been confided to that department. We must follow the rule prescribed by the tribunal to whom has been confided the power of expounding the constitution and laws, and of directing our judgment. That tribunal has adjudged this law to be valid, we cannot, and think you will not declare it void.

The jury found the defendant guilty.